891 So.2d 619 (2005)
K.M., Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-11.
District Court of Appeal of Florida, Third District.
January 26, 2005.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Michael E. Hantman, Assistant Attorney General, for appellee.
Before COPE and RAMIREZ, JJ., and NESBITT, JOSEPH, Senior Judge.
NESBITT, Senior Judge.
This is an appeal from a finding, disposition, and denial of a motion to correct disposition. For the following reasons, we reverse.
On April 28, 2003, K.M., a fifteen-year-old girl, was charged with juvenile delinquency. The petition for delinquency alleged that K.M. unlawfully and feloniously had actual or constructive possession of cocaine. On October 22, 2003, a hearing was held. At the conclusion of that hearing, the trial court found K.M. guilty. On November 24, 2003, a second hearing was held to determine what placement and restrictiveness was necessary. The Florida *620 Department of Juvenile Justice Pre-disposition Report indicated that the Department of Children and Families had permanent custody of K.M. and that she had run away from her foster home prior to detention. The report indicated that K.M. runs away because she does not like the foster parents. The report showed thirteen arrests, the latest of which arose from an incident that occurred on July 24, 2001. The Department of Juvenile Justice (the department) recommended that K.M. be placed in a moderate-risk environment. The judge stated his belief that K.M. needed very high supervision in a structured residential setting that provides twenty-four hour secure custody care and supervision. The court proceeded to order a high-risk residential placement for K.M. and entered an order indicating the reasons it was departing from the department's recommendations. Significant among those reasons was that K.M. was a risk to public safety because she was involved with street level drug sales. On January 21, 2004, K.M. moved to correct the disposition so as to place her in moderate-risk placement. Following the denial of that motion, K.M. filed this appeal.
Section 985.03(45), Florida Statutes (2003), defines moderate-risk and high-risk residential programs as follows:
(b) Moderate-risk residential.  Programs or program models at this commitment level are residential but may allow youth to have supervised access to the community. Facilities are either environmentally secure, staff secure, or are hardware-secure with walls, fencing, or locking doors. Facilities shall provide 24-hour awake supervision, custody care, and treatment of residents. Youth assessed and classified for placement in programs at this commitment level represent a moderate risk to public safety and require close supervision. The staff at a facility at this commitment level may seclude a child who is a physical threat to himself or herself or others. Mechanical restraint may also be used when necessary.
(c) High-risk residential.  Programs or program models at this commitment level are residential and shall not allow youth to have access to the community. Facilities are hardware-secure with perimeter fencing and locking doors. Facilities shall provide 24-hour awake supervision, custody, care, and treatment of residents. Youth assessed and classified for this level of placement require close supervision in a structured residential setting. Placement in programs at this level is prompted by a concern for public safety that outweighs placement in programs at lower commitment levels. The staff at a facility at this commitment level may seclude a child who is a physical threat to himself or herself or others. Mechanical restraint may also be used when necessary. The facility may provide for single cell occupancy.
(Emphasis added).
A trial court may not depart from the department's recommendations simply because it disagrees with them. A.J. v. State, 826 So.2d 528, 530 (Fla. 5th DCA 2002). "However, section 985.23(3)(c), Florida Statutes, allows a court to depart from the department's recommendations provided that it states the reasons for the departure and establishes a basis for the departure by a preponderance of the evidence." Id. Here, the trial court's reasons for departure are not supported by a preponderance of the evidence. None of K.M.'s prior arrests resulted in the imposition of sanctions more severe than probation. Although K.M. ran away from her foster home, she was not placed in a moderate-risk placement prior to the *621 institution of the current proceedings and, therefore, never ran away from such placement. Thus, there is no evidence that a moderate-risk placement would be insufficient to keep K.M. under control.
In explaining its reasons for departing from the department's recommendation, the trial court placed a strong emphasis on its concern that K.M. was a threat to public safety as a result of her involvement with street level drug sales. However, the petition for delinquency did not allege that K.M. was engaged in the sale of drugs, but merely possession. Once again, section 985.03(45)(c), provides "[p]lacement in programs at [the high-risk residential] level is prompted by a concern for public safety that outweighs placement in programs at lower commitment levels." It is clear that the statute is referring to juveniles who have committed offenses of violence towards others such that they pose a genuine threat to the physical safety to members of the public. See A.W. v. State, 862 So.2d 858, 860 (Fla. 4th DCA 2003); K.S. v. State, 835 So.2d 350, 352 (Fla. 4th DCA 2003); A.J., 826 So.2d at 531. Although K.M.'s activities were illegal, they did not pose a threat of physical harm and thereby require that K.M. be placed in a facility where she would have no access to the community.
At the hearing and in his written reasons for departure, the trial judge expressed a fondness for K.M. as well as his belief that this could be the last chance to save her from the streets. While we sympathize with the court's concerns, the evidence in this case does not support a departure from the department's recommendation. A judge cannot substitute empathy when the law is clear. Simply put, K.M.'s conduct did not affect the "public safety."
Accordingly, the order of disposition is reversed and the matter remanded for the imposition of a moderate-risk residential placement.
Reversed and remanded.